UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN MACPHERSON THOMAS,

               Plaintiff,

-against-

FEDERAL GOVERNMENT; JUDGE
EDGARDO RAMOS; MICHAEL H. SPORN;
JEREMY GUTMAN,

               Defendants.

25-CV-1251 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is currently incarcerated at USP Coleman in Florida, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He sues the district judge who presided over his federal criminal proceedings, *United States v. Thomas*, No. 12-CR-0626-5 (ER) (S.D.N.Y. 2023), as well as defense attorneys Michael H. Sporn and Jeremy Gutman, and the "Federal Government." Plaintiff seeks damages and release from incarceration. By order dated October 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Plaintiff alleges that District Judge Edgardo Ramos wrongfully allowed the government to use statements against him at his criminal trial and denied him his right to confront a witness. Moreover, Judge Ramos allegedly delayed for six years before entering judgment on Plaintiff's conviction.[2] Attorneys Sporn and Gutman allegedly conspired to violate Plaintiff's due process rights by withholding evidence that could have exonerated him.

Plaintiff invokes the Fifth, Sixth, and Eighth Amendments as the basis for his claims. He also asserts a violation of federal criminal law, 18 U.S.C. § 241. Plaintiff seeks $450,000 in damages and asks the court to vacate his wrongful conviction.

## DISCUSSION

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show, among other things, that: (1) the challenged action was attributable to an officer acting under

---

[2] After a trial held in August 2014, Plaintiff was found guilty of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Hobbs Act robbery, in violation of 18 U.S.C. § 1951; murder through the use of a firearm relating to a crime of violence, in violation of 18 U.S.C. § 924(j); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(l)(A). Judgment entered on March 25, 2021, 12-CR-0626 (ECF 471), but was vacated on appeal, (ECF 504) (Mandate Issued Nov. 15, 2022), and an amended judgment entered on September 20, 2023, shortening Plaintiff's sentence from 204 months' imprisonment to 168 months' imprisonment, (ECF 541). By order dated October 2, 2024, the Court denied Plaintiff's motion under 28 U.S.C. § 2255 to vacate his conviction, noting among other things that "counsel's choice to delay sentencing was not objectively unreasonable" and in fact directly led to the vacatur of Counts 4 and 5 and a three-year reduction in his sentence." (ECF 574 at 6).

color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Plaintiff brings claims for damages, under *Bivens*, against Judge Ramos, defense counsel Sporn and Gutman, and the "Federal Government," and he also seeks "immediate release." The Court addresses these claims in turn.

### A.     Claims against District Judge Ramos

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff sues Judge Ramos for damages for "acts arising out of, or related to, individual cases before him," Judge Ramos is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Ramos because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.     Claims against defense counsel

Plaintiff asserts a claim against his former defense counsel for damages for allegedly violating his constitutional rights. In order to seek relief under *Bivens* for violations of his constitutional rights, Plaintiff must allege facts showing that Defendants are government actors. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Attorneys appointed to act as defense counsel in criminal proceedings are not, on the basis of that function, deemed

3

government actors. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Jaber v. Hanley*, No. 20-CV-7347 (LLS) (S.D.N.Y. Jan. 5, 2021) (Assistant Federal Defenders "Schacht and Shroff are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel."); *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under Section 1983 or *Bivens*). Plaintiff thus cannot state a claim for damages against Defendants Sporn and Gutman under *Bivens* for alleged violations of his constitutional rights because, when acting as defense counsel, they are not government actors.[3]

**C.     Claims against "Federal Government"**

Plaintiff brings a claim against the "Federal Government," invoking *Bivens*. The purpose of an implied *Bivens* action for damages "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Thus, the only proper defendant for a *Bivens* claim is an individual federal official. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). Defendant "Federal Government" is not an individual federal official subject to a suit for damages under *Bivens*.

Moreover, sovereign immunity generally bars federal courts from hearing suits against the United States, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("The United

---

[3] Plaintiff does not explicitly bring state law claims against Defendants Sporn and Gutman. Insofar as the complaint might be liberally construed as doing so, because the Court dismisses herein all of the federal claims of which it had original jurisdiction, the Court declines, under 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction of such state law claims.

4

States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212. Plaintiff does not invoke any federal law that abrogates the sovereign immunity of the United States as a basis for his claim against the Federal Government. Plaintiff's claim for damages against the Federal Government is therefore dismissed for failure to state a claim under *Bivens* and based on sovereign immunity. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

D.    **Release from imprisonment**

Plaintiff raises challenges to his conviction and sentence, and he seeks to obtain release from custody in this *Bivens* action. He argues that he did not have the opportunity to cross-examine a witness whose statements were presented at trial and that the sentencing delay violated his due process rights. A claim seeking release, which challenges the fact or duration of confinement, must be brought in a petition for a writ of *habeas corpus* – not a civil rights action. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus* is the sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence.")

Moreover, Plaintiff already brought a Section 2255 motion challenging his May 10, 2023 amended judgment of conviction, which was denied on the merits on October 2, 2024. *Thomas*, No. 12-CR-626-5 (574). Because Plaintiff already raised these claims in a prior Section 2255 motion, which was decided adversely to him on the merits, the Court declines to recharacterize this civil complaint, in part, as a Section 2255 motion.[4]

---

[4] Before a second or successive motion to vacate under 28 U.S.C. § 2255 is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C.

**E.    Leave to amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff has repeatedly brought suit for damages against his defense counsel, the district judge who presided over his criminal proceedings, and the "Federal Government." *See*, *e.g.*, *Thomas v. Federal Government*, No. 23-CV-4666 (LTS) (S.D.N.Y. June 20, 2023), *appeal dismissed*, No. 23-6831 (2d Cir. June 20, 2024); *Thomas v. Shroff*, No. 21-CV-0450 (LLS) (S.D.N.Y. Feb. 19, 2021); *Thomas v. Ramos*, No. 20-CV-3422 (LLS) (S.D.N.Y. May 5, 2020); *Thomas v. Federal Government*, No. 17-CV-3484 (CM) (S.D.N.Y. June 7, 2017). Because it would be futile to grant Plaintiff leave to replead his claims, the Court declines to do so.

---

§ 2244(b)(3)(A). Movant must demonstrate to the Court of Appeals that a motion is based on newly discovered evidence, or on a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court declines to recharacterize this action in part as a motion to vacate the conviction under 28 U.S.C. § 2255.

SO ORDERED.

Dated:   October 10, 2025
         New York, New York

                                          _Louis L. Stanton_
                                          Louis L. Stanton
                                          U.S.D.J.